IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STEVEN WHEELER, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3-07-0198 ) |
| RONNIE MORAN, Chief of Police, Officially and Individually, | ) JUDGE HAYNES ) ) |
| Defendant. | ) |

MOTION IN LIMINE NO. 3 BY
DEFENDANT RONNIE MORAN

*[Handwritten annotation: ORDER Motion is GRANTED as in accordance with this Court's ruling.]*

Pursuant to the authority established in Hodges v. Toof, 833 S.W.2d 896 (Tenn. 1992), Defendant Ronnie Moran moves to bifurcate the trial in this case, such that during the first phase, the jury shall determine the liability for, and amount of, if any, compensatory damages and liability for punitive damages and, thereafter, and only if Defendant is found liable for punitive damages, the amount of any such punitive damages in a second phase.

Defendant further moves the Court to exclude any evidence of the City of McEwen's financial affairs, financial condition, and net worth. Defendant's own financial affairs, financial condition and net worth should not be admissible during the first phase.

The grounds for this motion are that (1) such evidence would be irrelevant and unfairly prejudicial to Defendant in the defense of this trial and (2) the probative value of such evidence would be substantially outweighed by (a) the danger of confusion of the issues and misleading the jury, and (b) by considerations of undue delay and waste of time.