IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:07-0198 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| RONNIE MORAN, Chief of Police, | ) | |
| Officially and Individually, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Steven Wheeler, filed this action under 42 U.S.C. § 1983 against the Defendants: Ronnie Moran, Chief of Police, McEwen, Tennessee and Reagan Farr, Commissioner of the Tennessee Department of Revenue. The Defendant Farr was dismissed. (Docket Entry No. 32). Plaintiff asserts a Fourteenth Amendment claim against the Defendant Moran for the seizure of his real property. Plaintiff's claim arises out of his arrest by Moran and other law enforcement officers after execution of a warrant to search Plaintiff's residence for marijuana. Plaintiff later pled guilty to possession of drug paraphernalia and possession of marijuana. Based upon the presence of drugs at his residence, Plaintiff's home was seized. Moran reported the drug seizure to the State of Tennessee that filed a levy against the property based upon a state drug statute.

Before the Court is the Defendant Moran's motion for summary judgment (Docket Entry No. 46) for Plaintiff's failure to state a claim against him because Plaintiff did not own the real property at issue and Plaintiff's claims are time barred. Alternatively, the defendant Moran seeks qualified immunity against Plaintiff's damages claim. In opposition, Plaintiff asserts that the

Defendant Moran reported large amounts of marijuana to the Tennessee Department of Revenue, but has not produced evidence of the amounts seized. Plaintiff also argues that the Defendant Moran has engaged in a continuous violation of his rights rendering his claim timely.

As to the Defendant's timeliness challenge, in Tennessee, has an express statute of limitations for federal civil rights actions that has been applied by the Supreme Court and the Court of Appeals. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 n.7 (1975) (applying Tennessee's one (1) year statute of limitation to a Section 1981 claim). In Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir. 1980), the Sixth Circuit stated:

> There is no applicable federal statute imposing a limitation period on constitutional claims. Therefore, the appropriate state statute is used. This court has held that Tennessee's one year statute, Tenn. Code Ann. § 28-304 [now codified as § 28-3-104], provides the applicable limitations period for the type of constitutional claim asserted here. Since plaintiff's claim arose more than a year before suit was brought, the claim is barred. (citations omitted).

In Tennessee, a person who alleges illegal conduct by his custodian must initiate a Section 1983 action within one (1) year of the illegal conduct or his claim under Section 1983 is barred. Berndt v. Stinson, 562 F. Supp. 28, 29 (E.D. Tenn. 1982) (Neese, J.), appeal dismissed, 708 F.2d 721 (6th Cir. 1983).

Here, the critical and distinct act giving rise to Plaintiff's claim was Plaintiff's arrest on May 3, 2005. Plaintiff did not file this action until February 15, 2007. The Court concludes that this action is untimely and there is not any proof of a continuing violation to toll limitations period for this action.

Moreover, where a plaintiff has a claim against government officials under state law for a loss of personal property and state law provides a remedy for such loss, the Plaintiff's loss does

not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment, Parratt v. Taylor, 451 U.S. 527, 543-44 (1981),[1] even if the taking were an intentional act to deprive the plaintiff of his property. Hudson v. Palmer, 468 U.S. 517 (1984).

In Parratt, the Supreme Court first stated that "property interests are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." 451 U.S. at 529 n.1. The Supreme Court then examined its procedural due process precedents on deprivation of property interests and concluded:

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. . . . The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

Id. at 543-44 (emphasis added) (citation omitted).

To be sure, the Supreme Court's holding in Parratt does not apply to an attack upon an allegedly defective state system or procedure that violates the plaintiff's constitutional rights. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982), but Plaintiff's claim against

---

[1] Parratt was overruled on other grounds in Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

3

Moran is for his reporting of the marijuana.

The Sixth Circuit has held that to qualify for the exception from the Parratt and Hudson rules, the plaintiff must meet certain threshold requirements.

> Under our recent decision in Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983) a plaintiff must plead and prove that available state remedies are inadequate or systemically defective in order to state or prove a proper procedural due process claim under section 1983 for deprivation of property. Plaintiff must prove the due process element of the wrong as well as the property deprivation element, and in this case, he has failed to show that Michigan's administrative and judicial remedies are inadequate or that they do not provide adequate process to remedy the constitutional violation claimed.

Campbell v. Shearer, 732 F.2d 531, 532 (6th Cir. 1984); accord Oliver v. Robinson, 902 F.2d 34, 1990 WL 57230 (6th Cir. 1990) (unpublished) (No. 89-2094).

Tennessee has a statutory remedy for loss of property that has been found to be an adequate state remedy by the Sixth Circuit. In Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985), wherein a state court prisoner sued under § 1983 to recover certain personal property that had been lost, the Court of Appeals stated:

> We believe that the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, see Tenn. Code Ann. § 9-8-207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction.

Id. at 199.

Here, to the extent Plaintiff asserts a property loss claim against Moran. Plaintiff has a remedy under Tennessee law. Tenn. Code Ann. § 29-20-101 et seq. The Court concludes that Plaintiff's claim is untimely and fails to state an actionable § 1983 claim given his state remedy.

Accordingly, the Defendant Moran's motion for summary judgment (Docket Entry No. 46) is **GRANTED** and this action is **DISMISSED with prejudice.** The Defendant Moran's

motion to ascertain status (Docket Entry No. 87) is **DENIED as moot**.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 19th day of August, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge